IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SYLVIA GOMEZ,<br>    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br>    Defendant. | §<br>§<br>§   NO.  EP-14-CV-0163-LS<br>§           PRM<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas, the case was transferred to a United States Magistrate Judge to conduct any and all further proceedings in the cause, including trial and entry of judgment. [ECF No. 14]

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## I. BACKGROUND

Plaintiff was born in December 1962, completed a bachelor's degree in social psychology, and is able to communicate in English. (R:45, 154)[1] She has experience working as an administrative assistant and as a secretary. (R:71-72) Plaintiff discontinued working in June 2011,

---

[1] Reference to the Administrative Record, contained in Docket Entry Number 16, is designated by an "R" followed by the page number(s).

due to limitations caused by her medical condition. (R:155)

## II. ISSUES

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2. Whether the Commissioner applied an incorrect legal standard in determining that Plaintiff was not disabled.

Plaintiff contends that the Administrative Law Judge's determination that she could perform her past relevant work is not supported by substantial evidence and that the law judge's finding on disability results from legal error. She contends that the case should be reversed, or in the alternative, remanded for further administrative proceedings.

## III. PROCEDURAL HISTORY

In July 2011, Plaintiff filed an application for DIB benefits with an alleged onset date of June 18, 2011. (R:9, 138) Her application was denied initially and upon reconsideration. (R:9, 77, 78) Upon Plaintiff's written request for a hearing, an administrative hearing was held on April 2, 2013. (R: 9, 42-76, 91-92) Administrative Law Judge ("ALJ") Michael S. Hertzig issued his decision on June 18, 2013, finding Plaintiff not disabled, and denying benefits. (R:9-16) The Appeals Council denied Plaintiff's request for review on February 21, 2014. (R:1-4)

Plaintiff filed the instant cause on May 2, 2014. [ECF No. 1] The District Court granted her motion to proceed in forma pauperis and ordered the complaint filed. [ECF Nos. 4, 5] Defendant filed an answer and transcript of the administrative proceedings on July 9, 2014. [ECF Nos. 15, 16] Plaintiff filed a brief in support of her claims on November 7, 2014. [ECF No. 21] On December 8, 2014, Defendant filed a brief in support of the Commissioner's decision denying benefits. [ECF

No. 22] On December 8, 2015, the case was transferred to United States Magistrate Judge Leon Schydlower. [ECF No. 23]

## IV. DISCUSSION

### A. STANDARD OF REVIEW

The court's review of the Commissioner's decision is limited to two inquiries: whether the decision is supported by substantial evidence on the record as a whole; and whether the Commissioner applied the proper legal standard. *See Perez v. Barnhart*, 415 F3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.*

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Id.* Conflicts in the evidence are for the Commissioner and not for the courts to resolve. *Perez*, 415 F.3d at 461.

### B. EVALUATION PROCESS

A claimant bears the burden of proving disability, which is defined as any medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. *See* 42 U.S.C. § 423(d)(1); 20 C.F.R. § 404.1505(a); *Masterson*, 309 F.3d at 271. The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.

The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant can perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520. However, if the claimant has shown she cannot perform her previous work, the burden shifts to the Commissioner to show that there is other work available that the claimant can perform. *Crowley v. Apfel*, 197 F.3d. 194, 198 (5th Cir. 1999). If the Commissioner establishes other gainful employment, the burden shifts back to the claimant to prove she is unable to perform the alternative work. *Id.*

The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett*, 67 F.3d at 564. "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Id.*

The mere presence of an impairment is not disabling per se. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Rather, it is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of her impairments and how they affect her ability to work. *See* 20 C.F.R. § 404.1520(c). Her own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

### C. THE ALJ'S DECISION

In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful

activity since June 18, 2011, the alleged onset date.[2] (R:11) He determined that Plaintiff had a severe impairment of arthrogryposis multiplex congenita.[3] (R:11) However, the ALJ determined that Plaintiff did not have an impairment that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R:11)

The ALJ next determined that Plaintiff retained the functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that: she could never climb ladders, ropes, or scaffolds; she could occasionally climb ramps and stairs; she could occasionally balance, stoop, kneel, crouch, and crawl; her non-dominant left upper extremity could occasionally reach in all directions including overhead; and she must alternate sitting and standing at will and in place for a few moments. (R:12) *See* 20 C.F.R. § 404.1567(a).[4]

Based upon vocational expert testimony, the ALJ found that an individual with Plaintiff's residual functional capacity ("RFC") could perform Plaintiff's past relevant work as an administrative assistant and as a secretary, both as actually performed and as generally performed.[5] (R:15) The ALJ concluded that Plaintiff was not disabled from her alleged onset date through the

---

[2] Plaintiff was found to meet the insured status requirements of the Social Security Act through December 31, 2015. (R:11)

[3] Arthrogryposis multiplex congenita is a syndrome characterized by congenital immobility of most of the joints, fixed in various postures, with lack of muscle development and growth. *See Dorland's Illustrated Medical Dictionary*, 152 (29th ed. 2000).

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). Because the term "occasionally" means occurring from very little up to one-third of the time, periods of standing or walking at the sedentary level of exertion generally total no more than 2 hours of an 8-hour workday. Social Security Ruling 83-10.

[5] *See* U.S. Dep't of Labor, *Dictionary of Occupational Titles* ("DOT") §§ 169.167-010 (Administrative Assistant), 201.362-030 (Secretary) (4th Ed., Rev. 1991).

date of the ALJ's decision. (R:16)

### D. SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S FINDING THAT PLAINTIFF COULD PERFORM HER PAST RELEVANT WORK

Plaintiff contends that the ALJ's determination that she can perform her past relevant work is not supported by substantial evidence. Her contention is twofold: 1) the ALJ erred in relying upon VE testimony without resolving and explaining a conflict between the VE testimony and the DOT regarding the ability to reach; and 2) Plaintiff is unable to perform the manipulative movements required by the DOT's description of Plaintiff's past relevant work.

#### 1. WHETHER A CONFLICT EXISTED BETWEEN THE VE TESTIMONY AND THE DOT CONCERNING THE ABILITY TO REACH

Plaintiff first contends that the VE's testimony that Plaintiff could perform her past relevant work is in conflict with the DOT descriptions for those jobs. More specifically, she asserts that the "frequent" reaching requirements of the DOT job descriptions for her past relevant work exceed her RFC which limits her to "occasional" reaching with her non-dominant left arm. Plaintiff's argument is that because the ALJ relied on the VE testimony without resolving the alleged conflict and without giving an explanation for the finding as required by Social Security Ruling ("SSR") 00-4p, the ALJ's conclusion is erroneous and not supported by substantial evidence.

A claimant will be found to be "not disabled" when it is determined that she retains the RFC to perform either the "actual functional demands and job duties of a particular past relevant job" or the "functional demands . . . of the occupation as generally required by employers throughout the national economy." SSR 82-61. To determine whether a claimant can perform her

past work, the ALJ is required to assess the physical demands of the claimant's prior work. *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). An ALJ may use VE testimony to obtain evidence of the physical and mental demands of a claimant's past relevant work either as the claimant actually performed it or as generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2).

If a conflict arises between the DOT and the VE testimony, the ALJ may rely on the VE testimony over the DOT if the record reflects an adequate basis for doing so. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). Pursuant to Social Security Ruling 00-4p, the ALJ has an affirmative duty to reconcile and explain any conflicts before relying on the VE testimony over the DOT. *See* SSR 00-4p. The Fifth Circuit has adopted a "middle ground" approach in which neither the DOT nor the VE testimony is per se controlling. *Carey*, 230 F.3d at 147. Rather, the conflict must be resolved by determining whether the VE testimony is reasonable and provides a basis for relying upon it over the DOT information. SSR 00-4p.

In the present case, the VE testified that Plaintiff's past work included that of an administrative assistant and a secretary, both classified under the DOT as sedentary and skilled. (R:71-72) The ALJ presented a hypothetical question to the VE and asked whether an individual with Plaintiff's work history, educational background, and RFC could perform Plaintiff's past work. (R:72-73) The VE replied that such an individual could perform Plaintiff's past work both as actually performed and as generally performed in the national economy. (R:73) Plaintiff's counsel was given an opportunity to challenge or cross-examine the VE. However, he did not challenge or raise the issue regarding an individual's ability to perform Plaintiff's past work if limited to only occasional reaching with the non-dominant arm.

The DOT listings for both the administrative assistant and the secretary jobs specify that reaching, handling, and fingering are required "frequently." *See* DOT §§ 169.167-010, 201.362-030. Thus, because the DOT listings specify "frequent" reaching, Plaintiff contends that this requirement conflicts with Plaintiff's RFC that allows for only "occasional" reaching with her non-dominant left arm.[6] However, the VE testified that Plaintiff could perform her past relevant work both as actually performed and as generally performed. In Plaintiff's Work History Report, she described her two most recent jobs as involving reaching a total of one and two hours. (R:170-72) She further indicated that she typed, wrote, and handled small objects in her past work. (R:171-75) Thus, as she actually performed her past work, she only occasionally had to reach. Consequently, the VE testimony that Plaintiff could perform her past relevant work provides substantial support for the ALJ's determination.

Moreover, the DOT job descriptions for Plaintiff's past work do not specifically require frequent reaching with *both* arms. Further, the VE testified that an individual with Plaintiff's RFC, which included a limitation of only occasional reaching with the non-dominant left arm, could still perform Plaintiff's past jobs. The ALJ noted in his decision that pursuant to Social Security Ruling 00-4p, the VE's testimony was consistent with the information contained in the DOT. (R:16) Therefore, the Court concludes that the VE testimony is not in conflict with the DOT job descriptions and supports the ALJ's determination that Plaintiff could perform her past relevant work. *See Carey*, 230 F.3d at 146-47 (VE's unchallenged testimony that claimant could perform identified jobs with one arm and hand was adequate, in context of record as a whole, to support

---

[6] "Frequently" means occurring from one-third to two-thirds of the time, or a total of approximately 6 hours in an 8-hour workday. SSR 83-10. "Occasionally" means occurring from very little up to one-third of the time, or no more than about 2 hours in an 8-hour workday. *Id.*

ALJ's determination that claimant could perform other work, where DOT job descriptions did not contain requirement of bilateral fingering ability or dexterity).

Even assuming a conflict existed between the DOT and the VE testimony, the ALJ could rely upon the VE testimony because the record provided an adequate basis for doing so. *See Carey*, 230 F.3d at 146. Plaintiff's own description of her past work as actually performed, as well as the unchallenged VE testimony that Plaintiff could perform her past relevant work as actually performed and as generally performed support the ALJ's finding. Moreover, even if the ALJ failed to comply with Social Security Ruling 00-4p in this case no remand is warranted. Procedural perfection in administrative proceedings is not required and a court will not vacate a judgment unless the substantial rights of a party have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Procedural errors are considered prejudicial only if they "would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Plaintiff has not made the requisite showing. Consequently, Plaintiff's argument is without merit.

### 2. WHETHER PLAINTIFF CAN PERFORM THE MANIPULATIVE ACTIONS AS REQUIRED BY THE DOT DESCRIPTION OF PLAINTIFF'S PAST RELEVANT WORK

Plaintiff next contends that the ALJ's finding that she can perform her past relevant work is not supported by substantial evidence because she is unable to perform the frequent manipulative requirements in the DOT job descriptions of her past relevant work. The DOT states that the jobs of an administrative assistant and a secretary involve frequent reaching, handling, and fingering. She argues that her medical history and her testimony demonstrate her inability to perform frequent manipulative movements. The ALJ's RFC determination did not include any limitations

9

with respect to handling or fingering and only limited Plaintiff's reaching with respect to her non-dominant left arm. Although Plaintiff does not expressly challenge the ALJ's RFC determination, she claims that she is more limited than found by the ALJ and is thus unable to perform her past relevant work as described in the DOT.

Residual functional capacity ("RFC") is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite her physical and mental limitations. *Perez*, 415 F.3d at 461-62. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 n.1 (5th Cir. 2001).

In support of her argument, Plaintiff claims that the evidence of record demonstrates a reduced range of motion in her shoulders, arms, wrists, and hands, and a reduced ability to lift, carry, and grasp with her hands. She also claims the record establishes that she has left-side weakness, has problems extending her arms, and has pain, tingling, and numbness in her joints.

Review of the medical records shows that during the relevant time period, Plaintiff was treated by Dr. Amr Abdelgawad with steroid injections to her left hip, and that she obtained relief from the injections. (R:35-37, 277, 316, 318, 365, 367, 369, 373) In September 2011, Plaintiff was examined by Dr. Jose Barahona for a consultative evaluation. (R:294-96) Plaintiff reported having problems walking, sitting, and standing for long periods of time, and requiring assistance with daily living activities due to stiffness and pain. (R:294) Physical examination showed decreased

range of motion to the left side, but a full range of motion on the right side. (R:295) Dr. Barahona's assessment of Plaintiff included left-side weakness, left shoulder impingement syndrome, and arthrogyrposis. (R:296) He did not assess any specific manipulative limitations.

In February 2012, Dr. Abdelgawad examined Plaintiff and noted that both knees lacked full extension and both shoulders lacked full abduction. (R:373) He treated her with an injection to the sacroiliac joint. He also prepared a letter stating that Plaintiff's arthrogryposis was a chronic musculoskeletal condition that affected the joints and muscles of her body. (R:327) He further stated that the condition caused pain and spasms to her muscles and joints, and affected her shoulders, knees, hands, and feet. In his opinion, she was not able to sit, walk, stand, or bend for long periods of time because of the condition. He indicated that he was treating her with pain medications and with local injections for pain. He recommended decreased physical activity to decrease her pain and spasms. However, he did not specify any manipulative limitations.

In May 2012, Plaintiff exhibited stiffness and joint tenderness in the right shoulder in addition to pain in the left sacroiliac joint. (R:369) Dr. Abdelgawad assessed her with arthrogryposis of the sacroiliac joint and with right shoulder pain. He treated her with an injection for her hip and recommended therapy to help with her range of motion, stiffness, and stretching. Plaintiff again exhibited right shoulder tenderness in November 2012, and a limited range of motion in both shoulders. (R:365) Dr. Abdelgawad treated her with an injection to her sacroiliac joint and to her right shoulder.

Plaintiff participated in physical therapy for approximately one month in August and September 2012. She achieved some improvement in her strength and balance. (R:376-80)

In June 2013, Plaintiff complained to Dr. Abdelgawad of joint stiffness in her fingers,

elbows, knees, and hips. (R:35-37) She also complained of localized pain, radiating pain, tingling, and numbness. Physical examination showed a limited range of motion in her wrists and fingers (more on the right side), and limited range of motion of her back. The physician treated her with an injection for her hip pain and noted that if her finger stiffness continued, he may need to treat her fingers using an injection. However, there are no subsequent medical records indicating any such treatment was required.

The record also includes medical records dated subsequent to the ALJ's decision. They reflect that in September 2013, Plaintiff was seen by Dr. Abdelgawad for complaints of pain in her hands, knees, and left hip. (R:31-34) The doctor noted bilateral hand deformity, bilateral elbow flexion contracture, and bilateral knee contracture. He treated her with an injection to her left hip. He further stated that Plaintiff obtained "good pain relief" with the injection for about 2 to 3 months. In December 2013, Plaintiff received another injection in her left hip. (R:28-30) Dr. Abdelgawad noted that she had general signs of arthrogryposis, as well as an inability to fully grasp with her fingers and a limited range of motion in her elbows. However, he did not prescribe any specific treatment other than the hip injection and pain medication.

At the hearing in April 2012, Plaintiff testified that she was not able to perform the typing required by her past work due to problems with the joints in her fingers and problems extending her arms. (R:57, 59, 63) She further testified that she had trouble holding a phone and could only write short notes. (R:69, 70) Plaintiff's counsel asked the VE whether an inability to write 20 percent of the time would affect job availability. (R:74-75) The VE responded that an individual with such a limitation would not be able to perform most sedentary jobs. (R:75)

Thus, review of the record evidence demonstrates that during the relevant time period

Plaintiff's treating physician never imposed any functional restrictions with respect to manipulative movements. Rather, the only limitation recognized by Dr. Abdelgawad was an inability to stand, walk, or sit for long periods of time. Despite Plaintiff's complaints, she was treated conservatively with injections to her left hip, with pain medications, and with physical therapy. The medical records reflect only a single injection treatment for her right shoulder.

The only medical record within the relevant time period showing specific complaints of wrist and finger stiffness are from June 2013. The remainder of the objective medical evidence for the relevant time period does not demonstrate the level of manipulative limitations alleged by Plaintiff that would prevent her from performing her past relevant work. Plaintiff's subjective complaints are insufficient to support her allegations. Rather, the evidence showing Plaintiff's left side weakness and left hip problems supports the ALJ's determination that Plaintiff is limited to sedentary work and only occasional reaching with her non-dominant left arm. Accordingly, the ALJ's RFC determination is supported by substantial evidence.

The ALJ properly submitted a hypothetical question to the VE incorporating those limitations recognized by the ALJ in his RFC determination. *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994) (hypotheticals to the VE must reasonably incorporate all disabilities recognized by the ALJ in the RFC assessment and claimant must be given an opportunity to correct any deficiencies before the ALJ can rely upon VE testimony). The VE testified in response to the ALJ's hypothetical that Plaintiff could perform her past relevant work. Plaintiff's counsel had the opportunity to cross-examine the VE with respect to any alleged manipulative limitations, but chose instead to inquire about an inability to write 20 percent of the time, an alleged limitation not supported in the record. The ALJ was entitled to rely upon the VE testimony in determining that

Plaintiff could perform her past relevant work. The ALJ's decision is consistent with the record evidence and is supported by substantial evidence. Accordingly, despite Plaintiff's assertion otherwise, she has not shown that she cannot perform her past relevant work as she actually performed it.

Plaintiff contends that the ALJ's step 4 finding regarding past relevant work prejudiced her because had the sequential analysis proceeded to step 5, the Medical-Vocational Guidelines would have directed a finding of disabled. As explained above, however, the ALJ committed no step 4 error with respect to any determination regarding past relevant work. Substantial evidence supports the ALJ's findings and any error relating to the ALJ's consideration of the evidence and step 4 findings would be harmless. *See Mays*, 837 F.2d at 1364; *Morris*, 864 F.2d at 335. Consequently, Plaintiff's contention fails.

## V. CONCLUSION

Accordingly, based upon a review of the evidence, the Court finds that the ALJ's decision comports with relevant legal standards and is supported by substantial evidence. Therefore, Plaintiff's assertions of error are without merit. Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on May 26th, 2016.

*/s/ Leon Schydlower*
**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**